NOT FOR PUBLICATION                                                      (Docket Entry No. 32)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                          :
MONICA BERNHARD and                   :
SUSAN N. HYMAN, o/b/o                   :
themselves and all others similarly        :
situated,                                               :
                                                          :
                    Plaintiffs,                     :         Civil No. 08-4392 (RBK/AMD)
                                                          :
          v.                                           :         **OPINION**
                                                          :
TD BANK, N.A., et al.,                        :
                                                          :
                    Defendants.                  :
_____:

**KUGLER**, United States District Judge:

       This matter comes before the Court on a Joint Motion by Defendants TD Bank, N.A. and Bancnorth Investment Group, Inc. (collectively, "Defendants") and Plaintiffs Monica Bernhard and Susan N. Hyman (collectively, "Plaintiffs") for preliminary approval of a proposed class action settlement. Specifically, Plaintiffs and Defendants (collectively, the "Parties") jointly move for an order: (1) preliminarily approving the proposed class settlement; (2) certifying the settlement class for purposes of the proposed settlement; (3) authorizing dissemination of class notice; and (4) setting a date for a formal hearing on the proposed settlement. For the reasons set forth below, the Court grants the Party's Joint Motion.

I.      Background[1]

Defendants are in the business of selling securities and financial products in the State of New Jersey and elsewhere.  In that capacity, Defendants employ investment consultants, financial advisors, investment representatives, and securities brokers (collectively, "Brokers"), such as Plaintiffs, who are routinely required to work in excess of forty hours per week.  Defendants compensate Brokers by way of a "draw," which is essentially a loan against future commissions.  As such, the draw comes with a corresponding obligation to repay either by generating sufficient future commissions to cover the draw or, if necessary, other means.  Defendants have a uniform policy of failing to pay Brokers overtime compensation, if and when, Brokers work in excess of forty hours per week.

From time to time, Defendants' customers challenge a particular transaction undertaken on the customer's behalf by a Broker.  This is known as a "chargeback" or a "broken trade."  (Second Am. Compl. at ¶ 54.)  When a broken trade results in a loss, Defendants deduct the amount of that loss from Brokers' compensation.  Conversely, when a broken trade results in a gain, Brokers' compensation is not increased.

Plaintiffs allege that the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. and state law require Defendants to compensate Plaintiffs at a rate of one and one-half times the Plaintiffs' regular pay rate for the work performed in excess of forty hours per week.  Plaintiffs further allege that state law forbids Defendants from making the broken trade deductions because the loss is not caused by Plaintiffs' negligence or recklessness.  Defendants counter that none of

---

[1] The recitation of facts is taken from the allegations contained in Plaintiffs' Second Amended Class and Collective Action Complaint, unless otherwise indicated.

Defendants' employment policies violate state of federal law and that Plaintiffs were properly classified as exempt employees under the applicable overtime laws. (E.g., Joint Mem. at 2, 9.)

**II.     Preliminary Approval of Proposed Class Action Settlement**

Review of a proposed class action settlement is a two-step process: preliminary approval and a subsequent fairness hearing. In re Initial Pub. Offering Sec. Litig., 226 F.R.D. 186, 191 (S.D.N.Y. 2005). Courts make a preliminary evaluation of the fairness of the settlement prior to directing that notice be given to members of the settlement class. In re Nasdaq Mkt. Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Preliminary approval is not binding, and it is granted unless a proposed settlement is obviously deficient. Cf. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 116 (2d Cir. 2005) (quoting Manual for Complex Litigation, Third, § 30.42 (West 1995)) ("A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.'"); In re Nasdaq Mkt. Makers Antitrust Litig., 176 F.R.D. at 102 (quoting Manual for Complex Litigation, Third, § 30.41 (West, 1995)) ("Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.").

The standards for preliminary approval are met in this case. The proposed settlement appears to be the result of serious negotiation between counsel for the Parties. After exchange of pertinent information, the Parties engaged in mediation conducted by retired Magistrate Judge Joel Rosen, which produced the proposed settlement agreement at issue. See, e.g., In re Cigna Corp. Sec. Litig., No. 02-8088, 2007 U.S. Dist. LEXIS 51089, at *12 (E.D. Pa. July 13, 2007)

(noting that private mediation conducted by a retired federal district judge supports the inference of arm's length negotiation). Moreover, absent a settlement agreement, Defendants have been in a position to move forward with colorable defenses to both of Plaintiffs' claims.[2] Likewise, the proposed settlement appears reasonable. It provides for a $375,000 common fund, which, after projected deductions for potential lawyers' costs and fees, administrative costs, and named plaintiff incentives, leaves $215,000 to be distributed to the class members. At the preliminary approval stage, and in light of the Party's arm's length negotiations, the Court cannot say that such an amount is obviously deficient.

      The proposed settlement also appears to have been reached at a sufficiently advanced stage in the litigation as the Parties have had occasion to develop their factual and legal positions through discovery and to prepare briefs in support of case dispositive motions practice in the eight months antecedent to the agreement. Lastly, the proposed settlement does not appear to unreasonably favor class representatives or any segment of the class. Although the class representatives may apply for the payment of a $5,000 incentive award, see Cullen v. Whitman Med. Corp., 197 F.R.D. 136, 145 (E.D. Pa. 2000) (quoting In re S. Ohio Corr. Facility, 175 F.R.D. 270, 272 (S.D. Ohio 1997)) ("[C]ourts routinely approve incentive awards to compensate named plaintiffs for services they provided and the risks they incurred during the course of the class action litigation."), the monetary distribution is otherwise calculated proportionate to the number of weeks in which individual class members actually worked. The Court emphasizes

---

[2] For example, Defendants assert that their position in this litigation is supported by a decision on similar facts out of the Eastern District of Pennsylvania, Hein v. The PNC Financial Group, Inc., 511 F. Supp. 2d 563 (E.D. Pa. 2007) and Opinion Letter FLSA 2006-43 issued by the Wage and Hour Division of the Department of Labor.

that the reasonable amount of payments to the class representative and class counsel are subject to approval.

### III. Certification of Settlement Class

The Parties jointly move, pursuant to Federal Rule of Civil Procedure 23, to certify a settlement class of:

> All Investment Consultants, Financial Advisors, Investment Representatives and Securities Brokers, not formerly employed by Commerce Capital Markets Inc., who were employed by Defendants at any time between September 11, 2005 and the present (if employed in or a resident of any State other than Maine or New York) or September 11, 2002 and the present (for Settlement Class Members either employed in or a resident of the State of Maine or the State of New York).

(Joint Mem. at 13.)

#### A.   Standard for Class Certification

(a) One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) A class action may be maintained if Rule 23(a) is satisfied and if:

. . .

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation

>concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23.

### B. Class Certification

The Parties argue that the proposed class in this case meets each of the four requirements of Rule 23(a) for class certification: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Citing Rule 23(b)(3), the Parties further argue that the action is maintainable because questions of law and fact common to the class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Numerosity is satisfied because there are likely more than 100 class members. There is no threshold number necessary to satisfy the numerosity requirement, but courts in this Circuit generally hold that classes of close to one hundred members are sufficient. See Eisenberg v. Gannon, 766 F.2d 770, 785-86 (3d Cir. 1985) ("The allegation of more than [ninety] geographically dispersed plaintiffs met the numerosity requirement . . . ."); Weiss v. York Hosp., 745 F.2d 786, 808 (3d Cir. 1984) (determining that a ninety-two plaintiff class was sufficiently numerous to satisfy Rule 23(a)(1)); Id. at 808 n.35 (citing 3B J. Moore, Moore's Federal Practice ¶ 23.05[1], at 23-150 (2d ed. 1982)) (footnotes omitted) (observing that numbers exceeding one hundred will, with exception, sustain the numerosity requirement). Here, due to the class's size, and because the Parties do not dispute numerosity, Plaintiffs satisfy the numerosity requirement.

Plaintiffs further demonstrate commonality. "The commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." Stewart v. Abraham, 275 F.3d 220, 227 (3d. Cir. 2001) (quoting Baby Neal v. Casey, 43 F.3d 48, 56 (3d Cir. 1994)). Class members need not share identical claims or claims arising from the same factual scenario. See In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 310-11 (3d Cir. 1998); Baby Neal, 43 F.3d at 57 ("[F]actual differences among the claims of the putative class members do not defeat certification."). In this case, all class members worked more than forty hours per week for Defendants without receiving overtime compensation or were subject to allegedly improper payroll deductions. Because there is a common issue of law arising from the same factual scenario – namely whether Defendants' pay practices violate state and local labor law – and due to the fact that the Parties do not challenge commonality, Plaintiffs satisfy the commonality requirement.

Likewise, Plaintiffs satisfy the typicality requirement. A named plaintiff's claims are typical where "each class member's claims arise from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir. 2001) (quoting Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997)). The typicality requirement precludes certification of classes "where the legal theories of the named plaintiffs potentially conflict with those of the absentees by requiring that common claims are comparably central to the claims of the named plaintiffs as to the claims of the absentees." Baby Neal, 43 F.3d at 57. Typicality ensures that the interest of the class and class representative are aligned so that the latter works to remedy the injuries to the former. Id. Here, Plaintiffs share the same two claims as the members of the class, and nothing

suggests that Plaintiffs' interests diverge from those of the class.  Moreover, the Parties do not dispute typicality.  Thus, Plaintiffs satisfy the typicality requirement.

Plaintiffs further demonstrate adequacy of representation.  Adequacy of representation is a two-part inquiry that applies to both a plaintiff and his or her counsel.  First, adequacy of representation asks whether a plaintiff's attorney is qualified, experienced, and able to conduct the litigation.  In re Prudential, 148 F.3d at 312 (citing In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig., 55 F.3d 768, 800 (3d Cir. 1995)).  Second, "it serves to uncover conflicts of interest between the named parties and the class they seek to represent."  In re Prudential, 148 F.3d at 312 (citing Amchem Prods. v. Windsor, 521 U.S. 591, 594 (1997)).  In this case, Plaintiffs show that their attorneys are qualified, experienced, and generally able to conduct this litigation, and because Plaintiffs share the class's interest in proving that Defendants violated their statutory payroll obligations, Plaintiffs are adequate class representatives.  As with the other prongs of the analysis, the Parties do not dispute the adequacy of representation.

Thus, the Rule 23(a) elements of numerosity, commonality, typicality, and adequacy of representation are satisfied.  Rule 23(b)(3) requires the district court to make two additional findings: predominance and superiority.  For class certification, common questions of law and fact must predominate over questions affecting only individual members.  In re Prudential, 148 F.3d at 314.  Furthermore, the class action device must be superior to all other available means of handling the litigation.  Id.  Class treatment is superior where individual claims are small or modest.  See Jones v. Commerce Bancorp, Inc., No. 05-5600, 2007 WL 2085357, at *4 (D.N.J. July 16, 2007) (citing In re Prudential, 148 F.3d at 315).  As to the element of predominance, the Parties argue that the "class members are essentially identical." (Joint Mem. at 16.)  As to

8

superiority, the Parties argue that "some of these claims may be very small." (Id.)  Moreover, there is no evidence that any litigation concerning this controversy, other than Plaintiffs' individual complaints, has already commenced; further, there is no evidence that this forum is an undesirable one for the concentration of this litigation, or that the management of this class action would present any particular difficulties.  Accordingly, and in light of the fact that the Parties are in agreement, this Court holds that Plaintiffs have met the predominance and superiority requirements under Rule 23(b)(3).

Because the proposed class meets the requirements of Rule 23(a) and (b)(3), the class is suitable for certification.  However, a court that certifies a class must appoint class counsel.  FED. R. CIV. P. 23(g)(1).  In appointing class counsel, the court must consider:

> (i) [T]he work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A).  The Court acknowledges that Plaintiffs' counsel have handled numerous class actions before courts in this District, investigated potential claims and developed legal theories to support the claims here, appears familiar with the applicable law, and seems willing to commit the resources necessary to see to the remaining stages in this representation.  See Bristow v. Lycoming Engines, No. 06-1947, 2007 WL 1752602, at *5 (E.D. Cal. June 15, 2007).  Accordingly, this Court can appoint class counsel and certify the class.

**III.     Approval of Class Notice**

The Parties move, pursuant to Federal Rule of Civil Procedure 23, that this Court direct notice to all class members. The Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." FED. R. CIV. P. 23(e)(1). The Parties submitted a proposed (1) notice of class certification and settlement; (2) "consent to join" form; and (3) "request for exclusion" form. The Court approves all three documents.

The proposed class certification and settlement notice appears to give class members a fair opportunity to consider the proposed settlement and raise objections. The notice reasonably informs class members of: (1) appropriate information regarding the litigation, the class, the class representative, class counsel, and the essential terms of the settlement agreement; (2) appropriate information about counsel's forthcoming application for attorney's fees; (3) appropriate information about how to participate in the settlement; (4) appropriate information about this Court's final approval procedure; and (5) appropriate information about how to challenge or opt-out of the settlement. See Rosenburg v. IBM Corp., No. 06-00430, 2007 WL 128232, at *5 (N.D. Cal. Jan. 11, 2007). Furthermore, the objection process is spelled out in detail and the notice states with specificity that class members may object to the settlement, the class representative, the class counsel, the award of attorney's fees, and the incentive award to the class representative. The notice is clear that class members need to complete a claim form to receive the benefits of the settlement, and the claim form adequately informs class members of the process they must follow. Lastly, the proposed distribution of notice to class members by first class mail is reasonable because no alternative method of distribution is more likely to notify class members who may not receive notice pursuant to the proposed distribution plan.

**IV.	Final Approval Hearing**

The Court schedules a hearing to determine whether to grant final approval of the proposed settlement for January 13, 2010 at 9:30 a.m.

**IV.	Conclusion**

For the foregoing reasons, the Court grants the Party's Joint Motion and preliminarily approves the proposed class action settlement, certifies the settlement class, directs that notice be given to members of the settlement class, and sets a date for the final settlement hearing.


Dated:   10-5-2009             /s/ Robert B. Kugler
                               ROBERT B. KUGLER
                               United States District Judge